UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

UNITED STATES OF AMERICA,

              -against-

LANCE WALKER,

                       Defendant.

------------------------------------------------------------- x

**ORDER**

23 MJ 603 (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      The Government filed a criminal complaint on June 26, 2023, primarily alleging that, on May 21, 2023, Defendant threw two Molotov cocktails at or near a residential building in Brooklyn, leading to a fire.  See ECF No. 1.  Defendant was arraigned, see 6/27/2023 Dkt. Entry, and detained pending trial, see ECF No. 5.  On October 27, 2023, the Government and Defendant's counsel jointly requested that Defendant undergo a competency evaluation.  See ECF No. 10 (Sealed).  Judge Bulsara ordered the competency evaluation.  See ECF No. 11 (Sealed).  Following receipt of the evaluation, on December 7, 2023, the Government and Defendant's counsel jointly moved for a finding that Defendant was mentally incompetent and for entry of an order committing him to the custody of the Attorney General for competency restoration, in accordance with 18 U.S.C. § 4241(d).  See ECF No. 13 (Sealed).  On December 20, 2023, following a hearing, I granted the joint motion.  See ECF No. 16.  Of note is that, initially, this type of commitment may only continue "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  Id. at 1 (quoting 18 U.S.C. Sec. 4241(d)).  On January 24, 2024, the Government filed a letter indicating that, due to the limited number of facilities available for competency restoration,

Defendant's anticipated admission date at such a facility was in June 2024.  See ECF No.

18.  The anticipated date has not changed.  See, e.g., ECF Nos. 19 & 27.

Defendant has moved to dismiss the case or, in the alternative, for entry of an order

transferring Defendant to a facility for competency restoration within seven days, based on (1)

the Government's failure to comply with the four-month limitation pertaining to the initial period

of commitment set forth in 18 U.S.C. § 4241(d) and (2) the alleged violation of Defendant's right

to due process under the Fifth Amendment of the United States Constitution caused by the

extended period of "pre-hospitalization confinement."  See ECF No. 23.  The motion is now

fully briefed, as the Government has filed an opposition, see ECF No. 24, and as Defendant has

filed a reply, see ECF No. 26.

The applicable laws require the assignment of a district judge to this pre-indictment

action to resolve the aforementioned motion to dismiss.  28 U.S.C. § 636(b) (stating that, with

regard to "a motion . . . to dismiss or quash an indictment or information made by the

defendant," a district judge may "designate a magistrate judge . . . to submit to a judge of the

court proposed findings of fact and recommendations for the disposition, by a judge of the

court") and Federal Rule of Criminal Procedure 59(b)(1) (stating that "[a] district judge may

refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an

indictment or information . . . or any matter that may dispose of a charge or defense") preclude a

magistrate judge from resolving this motion via an order, and the Local Rules do not provide

guidance on this issue.  See generally U.S. v. Brennan, 354 F. Supp. 3d 250 (W.D.N.Y.)

(considering a case in which the government filed a criminal complaint against the defendant,

charging him with a felony, which was proceeding on an "MJ" docket, given the lack of

indictment; reviewing the magistrate judge's oral ruling, which was eventually memorialized in

writing, denying the defendant's motion to dismiss; and concluding that, "[w]ith respect to dispositive matters, a magistrate judge may conduct proceedings and issue a recommendation to the district judge," as opposed to entering an order), aff'd on other grounds, 928 F.3d 210 (2d Cir. 2019).  Accordingly, the Clerk of Court is directed to assign a district judge to this action.

Dated: Brooklyn, New York
       April 18, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge